IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21061
Summary Calendar
_____


SUSAN CALELLY,

Plaintiff-Appellant,

VERSUS

CONROE INDEPENDENT SCHOOL DISTRICT;
FRANCIS GATES; DEBRA WILT; DAVID LUSK;
DORIS LIKE DENIO; TOBY YORK,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1129
- - - - - - - - - -
August 17, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Susan Calelly appeals the district court's grant of summary judgment dismissing with prejudice her federal claims pursuant to the Individuals with Disabilities in Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act. She argues that these federal claims were not time-barred, were not barred by her failure to exhaust her administrative remedies, and were not moot.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A plaintiff must first exhaust the state administrative remedies before bringing an action in federal court pursuant to the IDEA. Gardner v. School Bd. Caddo Parish, 958 F.2d 108, 110 (5th Cir. 1992). A plaintiff may bypass the administrative process by demonstrating that exhaustion would be futile or inadequate. Id. at 111-12.

Calelly concedes that she did not exhaust her administrative remedies, but she argues that she was not aware of her administrative remedies. The record reflects that Calelly's parents, who sought relief on her behalf, understood the applicable administrative review process: Within one day of the appellees' refusal to allow Calelly to graduate with her class, Calelly's parents requested a due process hearing on her behalf with the Texas Education Agency. Her parents also acknowledged in this request that they understood that they could file suit if they were not satisfied with the conclusion of the due process hearing. Rather than pursue the due process hearing, however, Calelly's parents participated in a mediation session and agreed to dismiss the pending due process hearing. Because Calelly was aware of the applicable administrative procedures but chose not to pursue them, she has failed to exhaust her administrative remedies. Hamilton v. Board of Sch. Comm'rs of Mobile County, Ala., 993 F. Supp. 884, 889 (S.D. Ala. 1996). The judgment of the district court is AFFIRMED.